```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 5:07-cr-139-JMH |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| EDGAR MARTIN ROJO VASQUEZ, | ) | |
| JOHNIE JAY ALFORD, | ) | |
| AMIRA S. YOUNG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

                    **      **      **      **      **

The Court, upon its own motion, enters this general order of discovery and pre-trial procedures for criminal actions.

1. <u>Pretrial discovery and inspection</u>.

    (a) <u>The Government</u>.  Within 10 days after arraignment, the United States Attorney and the defense counsel shall confer and, upon request, the United States shall permit the defendant(s) to inspect and copy or photograph:

        (1) Any relevant written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

        (2) Any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

    (3) Any relevant recorded testimony of the defendant before a grand jury.

    (4) Books, papers, documents, tangible objects, buildings or places which are the property of the defendant and which are within the possession, custody or control of the government.

    (5) The Federal Bureau of Investigation Identification Sheet indicating defendant's prior criminal record.

    (6) Any evidence favorable to the defendant.

  (b) <u>The Defendant.</u>  Within ten (10) days after the arraignment, the United States Attorney and the defense counsel shall confer and, upon request, the defendant shall produce all items discoverable pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

  (c) <u>Declined disclosure.</u>  If, in the judgment of the United States Attorney, it would not be in the interests of justice to make any one or more disclosures set forth in paragraph (a) above and requested by defense counsel, disclosure may be declined. A declination of any requested disclosure shall be in writing, directed to defense counsel, and signed personally by the United States Attorney, and shall specify the types of disclosure that are declined.  If the defendant seeks to challenge the declination, he/she shall proceed pursuant to Subsection (d) below.

  (d) <u>Additional discovery or inspection.</u>  If additional discovery or inspection is sought, defendant's attorney shall confer with the appropriate Assistant United States Attorney with a view to satisfying these requests in a cooperative atmosphere

without recourse to the Court. The request may be oral or written and the United States Attorney shall respond in like manner.

(e) <u>Jencks Act material</u>. Jencks Act material pursuant to 18 U.S.C. § 3500 is not discoverable prior to trial. Following the direct examination of a government witness, the prosecution shall turn over all Jencks Act material.

(f) *Brady* <u>material.</u> The government shall disclose any *Brady* material of which it has knowledge in the following manner:

(1) pre-trial disclosure of any *Brady* material discoverable under Rule 16(a)(1); and

(2) disclosure of all other *Brady* material "in time for effective use at trial."

If the government is unsure as to whether the evidence is covered by *Brady* or is unsure about the proper time for disclosure, then counsel may request an *in camera* hearing for the purpose of resolving this issue; failure to disclose *Brady* material at a time when it can be effectively used may result in a recess or a continuance so that the defendant may properly utilize such evidence.

(g) <u>Rule 404(b) evidence.</u> Upon service of a request from the defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial unless the Court excuses

pre-trial notice upon motion by the United States showing good cause.

    2. **That all motions for rearraignment shall be filed at least one week prior to the scheduled trial date**. The parties are advised and cautioned that any such motions that do not comply with this paragraph must be accompanied by an affidavit of counsel explaining the failure to comply and may result in the loss of credit for acceptance of responsibility under the United States Sentencing Guidelines. Following the filing of a motion for re-arraignment, the United States shall submit to the Court's chambers a copy of any proposed plea agreement. If the parties intend to proceed pursuant to a written plea agreement, such copy shall be submitted for the Court's review within **forty-eight (48) hours** of any motion for re-arraignment.

    3. <u>Defensive motions.</u>

        (a) <u>Generally</u>. Defensive motions (except motions for discovery under paragraph 1 above) shall be filed within thirty (30) days after arraignment, **accompanied by a memorandum of authorities**, with an extra copy of such memorandum being filed for the convenience of the Court. Responses and replies will be governed by the Joint Local Rules of the Eastern and Western Districts of Kentucky, and shall be accompanied by a memorandum of authorities. An extra copy shall also be filed for the convenience of the Court. (If the motion is filed electronically, a copy need

not be filed for the convenience of the Court). All memoranda on motions shall be in conformity with Rule 7 of the Joint Local Rules for the United States District Courts of the Eastern and Western Districts of Kentucky. Hearings on motions requiring evidentiary hearings or oral arguments may be reassigned at a mutually convenient time if timely requested at a conference call. Counsel shall confer and have all necessary witnesses present and ready to testify at such hearings.

      (b) Motions to Suppress. Paragraph 3 of this Order shall apply to motions to suppress evidence, except that the opposing memorandum of the United States with regard to such motions shall be filed no later than the date of the suppression hearing. Supplemental memorandums may be allowed to be filed after completion of the suppression hearing if requested by counsel and granted by the Court.

  4. Jury instructions. The parties shall submit proposed jury instructions on the substantive law of the case directly to the Court's chambers at **LEXINGTON, KENTUCKY.** The United States shall submit proposed jury instructions a week prior to the trial of the case. The defendant shall submit any proposed jury instructions at least one day prior to trial. These instructions shall be submitted in written form as well as on a floppy disc compatible with Word or WordPerfect. The proposed instructions need not be filed in the record. Whenever applicable, the parties are

instructed to follow Sixth Circuit Pattern Jury Instructions. If any instruction cannot be agreed to or cannot be found in the Sixth Circuit Pattern Jury Instructions, the parties shall submit their proposed instructions with supporting authorities.

5. <u>Witness and Exhibit Lists</u>. The United States (and the defendant if the defendant so elects) shall submit at least one week prior to trial for the Court's *in camera* review, a proposed witness list with a brief summary of expected testimony and an estimate as to the amount of time that will be required to present the witness' testimony-in-chief.

6. <u>Voir Dire</u>. The Court will conduct the initial voir dire examination of prospective jurors. Each party shall be given fifteen minutes to conduct any follow-up voir dire.

7. <u>Exclusion of Witnesses</u>. That on the day of trial, pursuant to Rule 615, all witnesses in the case on trial are excluded from the courtroom pending their testimony, except for the parties, a designated representative of the parties, or a person whose presence is shown by a party to be essential to the presentation of the party's cause.

**IT IS SO ORDERED.**

This the 30th day of November, 2007.



**Signed By:**
*<u>Joseph M. Hood</u>*
**United States Senior Judge**